IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LORENZO JOHNSON ,

    Plaintiff,

v.

JASON WENZEL, CORY SABISH,
JESSIE SCHNEIDER,
JOHN DOE SGT BORAH,
JOHN DOE C.O. 2 LUNDHA,
JEFF GILL, BRIAN GREFF AND
JOSEPH BEAHN,[1]

    Defendants.

ORDER

Case No. 13-cv-114-wmc

The Wisconsin Department of Justice has indicated that it will represent the defendants in this case. Pursuant to an informal service agreement between the Department of Justice and this court, the Department has agreed to accept electronic service of documents on behalf of defendants Wenzel, Sabish, Schneider, Gill, Greff and Beahn. Therefore, for the remainder of this lawsuit, plaintiff does not have to send a paper copy of each document he files with the court to the Department with respect to these defendants. All he has to do is submit the document to the court, and the Department will access the document through the court's electronic filing system. Discovery requests or responses are an exception to the electronic service rule. Usually, those documents should be sent directly to counsel for the opposing party and do not have to be sent to the court. Discovery procedures will be explained more fully at the preliminary pretrial conference.

---

[1] I have amended the caption to replace Lt. Wienslo with the name Jason Wenzel, Lt. Sabish with the name Cory Sabish, Lt. Schenerder with the name Jessie Schneider, C.O.2 Gills with the name Jeff Gill, Mr. Greff with the name Brian Greff, C.O.2 Beahn with the name Joseph Beahn as identified in the Acceptance of Service.

In its acceptance of service, the Attorney General's office has advised the court that it has accepted service of process on behalf of all of the defendants except defendants Sgt. Borah and C.O. 2 Lundha because they cannot identify these individuals. The matter of serving the Doe defendants will be taken up by the United States Magistrate Judge after the defendants who have been served file a responsive pleading to the complaint.

Pursuant to *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990), it is the plaintiff's responsibility to identify the defendants. If the defendants cannot be identified, they cannot be served with plaintiff's complaint. Unless the defendants have notice of the claims against them and an opportunity to defend against them, plaintiff cannot recover relief. Therefore, at this stage of the proceedings, defendants Sgt. Borah and C.O. 2 Lundha will be treated as John Does whose names plaintiff will have to obtain through discovery. If plaintiff does not identify these defendants within the time set by the United States Magistrate Judge to do so, plaintiff's claim against them may be dismissed without prejudice.

ORDER

IT IS ORDERED that the parties treat Sgt. Borah and C.O. 2 Lundha as John Doe defendants until plaintiff can ascertain their true identities in accordance with a schedule to be set by the United States Magistrate Judge at the preliminary pretrial conference to be held in this case.

Entered this 17th day of January, 2014.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge