IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LORENZO JOHNSON,

                    Plaintiff,

    v.

LT. WIENSLO, LT. SABISH, LT. SCHENERDER,
SGT. BORAH, C.O. 2 LUNDHA, C.O. 2 GILLS,
MR. GREFF and C.O. 2 BEAHM,

                    Defendants.

ORDER

13-cv-114-wmc

---

        Plaintiff Lorenzo Johnson brought suit under 42 U.S.C. § 1983, alleging that defendants and others employed by the Wisconsin Department of Corrections at Waupun Correctional Institution violated his Eighth Amendment rights by placing him in a feces-filled cell for three days. After withdrawal of prior recruited counsel (for reasons unrelated to plaintiff or this lawsuit), the court recruited and counsel Michelle Umberger and Lissa Koop of the law firm of Perkins Coie in Madison, Wisconsin, agreed to assume his representation *pro bono*. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter their appearance as plaintiff's *pro bono* counsel for the record, subject to plaintiff finalizing the terms of that representation.

        As previously explained, plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing his interests zealously. In return for their representation, however, plaintiff, too, has

taken on responsibilities. For example, all future communications with the court must be through his attorneys of record. Plaintiff must also work directly and cooperatively with his attorneys, as well as those working at their direction, and must permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyers, he is free to alert the court and end their representation, but he should be aware that it is highly unlikely that the court will recruit new attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Michelle Umberger and Lissa Koop of the law firm of Perkins Coie as plaintiff's *pro bono* counsel of record.

Entered this 25th day of February, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge